Gaston, Judge.
We entirely approve of the opinion given by his Honor upon the legal construction of the deed from Susanna, to Henry Hooper. Admit, as the plaintiff’s counsel insists, that the endorsement, being cotempbraneoús with the deed, should be regarded as a part thereof, it by no , means follows that the meaning of what is declared by the endorsement, would be thereby changed. This endorsement speaks the language of the donee, and is a declaration or stipulation on his part in relation to the precedent subject matter. The legal limitation of the gift is the language of the donor, who had the sole right to prescribe the extent and modifications of her donation. This limitation is immediate and absolute — and therefore passes directly the entire property from the donor to the donee. The subsequent declaration or stipulation on the part of the donee is an engagement *152 that during the life of the donor she shall have the disposal— that is, the enjoyment of the thing which has been transferred to him. At law, it can be regarded but as an executory covenant, for the breach whereof he would be answerable in damages. In equity, the donor would probably be regarded as taking an interest for life — but however this might be it could not affect the legal operation of the instrument. The judgment below is affirmed.
Per Curiam. Judgment affirmed.